UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GREGORY LESPES,

                Plaintiff,

    v.

MONARCH RECOVERY MANAGEMENT, *et al.*,

                Defendants.

Case No. 2:21-cv-17415 (BRM) (LDW)

**ORDER**

**THIS MATTER** is opened to the Court on the Report and Recommendation of the Honorable Leda D. Wettre, U.S.M.J., dated April 14, 2023 (ECF No. 32), wherein she recommends that plaintiff Gregory Lespes's ("Plaintiff") motion to remand[1] this action to the Superior Court of New Jersey, Law Division, Essex County (ECF No. 27) be granted for lack of

---

[1] Judge Wettre highlights that Plaintiff, in his "motion to remand,"

> devotes the entirety of his moving papers to urging the Court to confirm his Article III standing and to retain jurisdiction of this matter. . . . Nevertheless, in light of the federal courts' "ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*," *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995), as well as the tidal wave of recent persuasive authority in this District regarding Article III standing in FDCPA cases, the Court proceeds to consider its subject matter jurisdiction over this action. *See, e.g., Daye v. GC Servs. Ltd. P'ship*, Civ. A. No. 21-7981, 2022 WL 4449381, at *1 (D.N.J. Sept. 23, 2022) (considering *sua sponte* plaintiff's Article III standing to bring FDCPA claim and remanding case for lack of subject matter jurisdiction).

(ECF No. 32 at 2.) She acknowledges Plaintiff may have found himself "in something of a Catch-22, eager to return to state court but unwilling to affirmatively take the position that he suffered no injury as a result of defendant's debt collection letter," consistent with *Daye*. (*Id.*)

subject matter jurisdiction in light of the decision in *Daye v. GC Servs. Ltd. P'ship*, Civ. A. No. 21-7981, 2022 WL 4449381, at *1 (D.N.J. Sept. 23, 2022). Defendant Monarch Recovery Management's ("Defendant") opposed Plaintiff's motion (ECF No. 29), "despite *Daye* and countless other cases in this District finding that plaintiffs lacked standing to bring substantially similar FDCPA claims in federal court" (ECF No. 32 at 2).

In her Report and Recommendation, Judge Wettre accurately describes the legal landscape of FDCPA Article III standing in the aftermath of cases like *Daye*, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), finding Plaintiff failed to allege he sustained any financial or emotional harm, suffered any "downstream consequences" from Defendant's letters, or suffered a concrete injury sufficient to satisfy Article III standing. (ECF No. 32 at 3–4.)

The parties were given the opportunity to respond or object to Judge Wettre's Report and Recommendation by April 28, 2023, pursuant to Local Civil Rule 72.1(c)(2); to date, no party has responded or objected to the Report and Recommendation. Having reviewed the Report and Recommendation; and it appearing the Court should adopt the Report and Recommendation without modification;

**IT IS** on this 3rd day of May 2023,

**ORDERED** that the Report and Recommendation (ECF No. 32) is hereby adopted in its entirety and entered; and it is further

**ORDERED** that the motion to remand (ECF No. 27) is **GRANTED** and the Clerk shall **REMAND** this action to the Superior Court of New Jersey, Law Division, Essex County.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE